IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL YOST,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-838-SLR |
| | ) | |
| **RAPHAEL WILLIAMS**, Warden | ) | |
| and **JOSEPH R. BIDEN, III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

Michael Yost pled guilty to one count of second degree burglary and one count of carrying a concealed deadly weapon on February 1, 2007.[1]  *See* Docket Item 11 in Delaware Superior Court Case No. 0608025346 ("Burglary Dkt. Item __").  For the burglary conviction, Yost was sentenced to three years at level 5 incarceration, suspended for six months at level 4 home confinement, followed by six months at level 3; the Superior Court ordered that Yost be held at level 3 until space was available at level 4 home confinement.  *See* Burglary Dkt. Item. 12.[2]

Less than two months after being sentenced, the Superior Court judge found that Yost had violated the terms of his probation.  *See* Burglary Dkt. Items 13-14.  For that

---

[1] In violation of 11 Del. C. §§ 825, 1442.
[2] Yost also received one year at level 5, suspended for one year at level 3 concurrent probation, for the carrying a concealed deadly weapon conviction.  *See* Dkt. Item. 12.

violation, Yost was re-sentenced, on the burglary conviction, to three years at level 5, suspended after 90 days at level 5, followed by six months at level 4 home confinement. *See* Burglary Dkt. Item. 15. The Superior Court then filed a corrected violation-of-probation sentencing order on February 6, 2008, giving Yost credit for 78 days served. *See* Burglary Dkt. Item 15. On March 4, 2008, the violation-of-probation order was modified to allow Yost to be held at either level 4 home confinement or work release following his 90 days at level 5. *See* Burglary Dkt. Item 27.

The basis of the violation-of-probation was Yost's involvement in a motor vehicle theft. Yost pled guilty to one count of theft of a motor vehicle on August 16, 2007.[3] *See* Docket Item 10 in Superior Case No. 0703011254 ("Theft Dkt. Item __"). For this offense, Yost was sentenced to two years at level 5, suspended after 6 months, for twelve months at level 3. *See* Theft Dkt. Item 11. Yost never appealed either conviction or sentence to the Delaware Supreme Court.

On December 20, 2007, Yost petitioned this Court for a writ of habeas corpus. To this end, Yost seems to suggest that his federal constitutional rights were violated when he was found in violation of probation and then prosecuted for the theft of a motor vehicle. According to Yost, his Fifth Amendment protection against double jeopardy bars such a bifurcated prosecution. This is the respondents' answer to Yost's petition.

Before a federal court can consider a habeas petitioner's claim, the petitioner must first exhaust any available state court remedies. 28 U.S.C. § 2254(b)(1); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). To satisfy the exhaustion requirement, the petitioner must "fairly present" his federal claims to the highest state court before

---

[3] In violation of 11 Del. C. § 841A.

bringing them in federal court. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). To "fairly present" a federal claim to a state court, a petitioner must have presented the claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). Yost pled guilty to both the burglary and theft of a motor vehicle charges. He never appealed either conviction or sentence to the Delaware Supreme Court. Accordingly, he has failed to present his federal double jeopardy claim. As such, he cannot claim it as a basis for federal habeas relief.

Of course, if there are no available state court remedies, then a petitioner is excused from the exhaustion requirement. *See, e.g., Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989). Here, Yost is procedurally barred by Delaware Superior Court Criminal Rule 61 from attempting to raise this issue in a subsequent collateral attack in state court. *See* Del. Super. Ct. Crim. R. 61(i)(1), (2), (3). Accordingly, the claim is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 298; *Castille*, 489 U.S. at 351-52.

Nevertheless, federal habeas review of the claim is barred unless Yost establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499

U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *Dawson*, 988 F. Supp. at 804-05.

Yost has not articulated any basis in his petition to establish cause for failing to present his double jeopardy claim to the Delaware Supreme Court. As a result, the claim can be dismissed without any consideration of actual prejudice. *See Lawrie v. Snyder*, 9 F. Supp. 2d 428, 452 (D. Del. 1998) (*citing Presnell v. Kemp*, 835 F.2d 1567, 1589 n. 29 (11th Cir. 1988); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995)). In any event, the United States Supreme Court has held that "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). Yost's probation in the burglary case was violated due to his involvement in the motor vehicle theft case. Yost then pled guilty in the motor vehicle theft. Because double jeopardy only protects against multiple prosecution for the same offense, Yost has failed to articulate or demonstrate how his rights were violated. And because Yost has failed to establish cause and prejudice for his default of his claim, he cannot present it as a basis for federal habeas relief. Accordingly, the petition should be denied.

Conclusion

Based upon the Superior Court docket sheets in both the burglary and motor vehicle theft cases, it does not appear that transcripts were prepared. Accordingly, counsel cannot state when such transcripts would be available if ordered.

For the foregoing reasons, the petition for writ of habeas corpus should be dismissed without further proceedings.

/s/ Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836

DATE: May 15, 2008

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 15, 2008, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on May 15, 2008, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

> Michael Yost
> 381 College Road
> Dover, DE 19901

/s/ Kevin M. Carroll
Deputy Attorney General

Date:  May 15, 2008